IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GEORGIA ADVOCACY OFFICE, INC. | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE   4:17-cv-114-WTM/GRS ) |
| v. | ) ) ) |
| ASSURANCE CONSULTING, LLC., and MICHELE LEE, in her official capacity as Registered Agent, Assurance Consulting, LLC. | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW Plaintiff Georgia Advocacy Office, Inc. ("GAO"), by and through counsel, and respectfully files this complaint and alleges as follows:

## JURISDICTION AND VENUE

1.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States, including, without limitation, 42 U.S.C. §§10801 et seq. and 15001 et seq.

2.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

Defendants reside in and operate in the Southern District of Georgia.

**PARTIES**

3.

Plaintiff GAO is a private, non-profit Georgia corporation which provides

protection and advocacy services to individuals with disabilities.  GAO has been

designated by the State of Georgia since 1977 as its protection and advocacy system

("P&A") to protect the legal and human rights of individuals with disabilities in the

State of Georgia pursuant to the Protection and Advocacy for Individuals with

Mental Illness Act, 42 U.S.C. § 10801 et seq., the Developmental Disabilities

Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15001 et seq., and the

Protection and Advocacy for Individual Rights Program of the Rehabilitation Act,

29 U.S.C. § 794e ("P&A Acts").

4.

GAO receives federal funding to provide protection and advocacy services

to people with disabilities in Georgia pursuant to the P&A Acts.

5.

Under its federal mandate, the P&A has authority to investigate specific incidents of abuse and neglect and to conduct monitoring activities to protect the rights and safety of individuals with disabilities.  42 U.S.C. §10805(a); 42 U.S.C. §15043(a)(2)(B).

6.

The P&A has the authority to pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with disabilities and mental illness in the State.  42 U.S.C. §10805(a)(1)(B); 42 U.S.C. §15043(a)(2)(A)(i).

7.

The P&A shall have access to the records of individuals with disabilities and mental illness in the case of death with no consent from another party when there is probable cause to believe that the death of an individual with a developmental disability resulted from abuse or neglect or any specific cause is not required for the P & A system to obtain access to the records. *See* 45 C.F.R. § 1326.25(5).

8.

To fulfill this federal mandate, the P&A must have access to individuals with disabilities at reasonable times in locations in which services, supports, and other assistance are provided and to have access to their records in order to protect the legal and human rights of such individuals. 42 U.S.C. §10805(a); 42 U.S.C. §15043(a)(2).

9.

Defendant Michele Lee, is being sued in her official capacity as the Registered Agent of Assurance Consulting, LLC which is located at 200 Blue Fin Cir 2, Savannah, GA 31410-2468 and is subject to the jurisdiction of this Court.

10.

Defendant Assurance Consulting is a Georgia Limited Liability Corporation doing business at 200 Blue Fin Cir 2 Savannah, GA 31410-2468 and is subject to the jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11.

GAO regularly receives complaints and information regarding deaths.

12.

GAO investigates deaths and incidents where it has probable cause to

believe that abuse or neglect has occurred.

13.

In the course of investigating incidents of abuse and neglect of people with

mental illness and developmental disabilities, GAO may request records, interview

people who may have information about the incident and visit the site of the

alleged abuse or neglect pursuant to the P&A Acts.

14.

When conducting an investigation, GAO requires all the documents it

requests in order to conduct a thorough investigation of incidents of abuse, neglect

and death, to identify systemic problems and patterns, and to seek appropriate

remedies for individual and systemic harms and rights violations as mandated by

Congress.

15.

On March 1, 2017, GAO received Critical Incident Reports from the

Georgia Department of Behavioral Health and Developmental Disabilities

regarding the deaths of Ciara Bivens and Mickeyon Green.  Both resided in

Community Living Arrangements operated by Assurance Consulting.

16.

Ciara Bivens and Mickeyon Green were persons with developmental disabilities, and are eligible for protection and advocacy services from GAO pursuant to the PADD Act.

17.

When investigating the death of an individual with mental illness or a developmental disability, GAO requests access to the individual's records either through the assertion of probable cause.

18.

GAO determined it had probable cause to find that Ciara Bivens and Mickeyon Green had been subject to abuse or neglect prior to their death.

19.

After determining that there was probable cause, GAO opened an investigation into these matters.

20.

On March 13, 2017, GAO sent a letter to Defendant Assurance Consulting, LLC requesting access to documents pertaining to Mickeyon Green, staff witness

statements, and documentation of staff member CPR and First Aid training.

21.

On March 21, 2017, GAO sent a similar letter to Defendant Assurance Consulting, LLC requesting access to documents pertaining to Ciara Bivens, staff witness statements, and documentation of staff member CPR and First Aid training.

22.

In the case of Death GAO was to receive documents responsive to these requests within 24 hours.

23.

After receiving no response from Defendant Assurance Consulting, LLC regarding the death of Mickeyon Green, GAO sent follow-up letters requesting records on March 22, 2017, March 28, 2017, and April 26, 2017.

24.

After receiving no response from Defendant Assurance Consulting, LLC regarding the death of Ciara Bivens, GAO sent follow-up letters requesting records on April 19, 2017 and April 26, 2017.

25.

After receiving no response, staff for GAO called Assurance Consulting, LLC on March 22, 2017, April 4, 2017. On both occasions, staff for GAO reached a staff member of Defendant Assurance Consulting, LLC who took a message to return the call to GAO regarding the request for records.

26.

On May 24, 2017, counsel for GAO sent letters to Defendant Assurance Consulting, LLC as a final request for records pertaining to both Mickeyon Green and Ciara Bivens prior to taking legal action.

27.

Because Defendant Assurance Consulting, LLC has neither responded nor complied with GAO's request for records pertaining to the deaths of Ciara Bivens and Mickeyon Green, Defendant Assurance Consulting, LLC has denied GAO's statutory right to access records from private nursing facilities and refused to comply with the law.

## **COUNT I**

## **THE DEFENDANTS HAVE VIOLATED, AND CONTINUE TO VIOLATE, THE DEVELOPMENTAL DISABILITIES ASSISTANCE AND BILL OF**

RIGHTS ACT (DD ACT) BY DENYING GAO'S ACCESS TO RECORDS.

28.

The allegations set forth in the numbered paragraphs hereinabove are incorporated herein as fully as if set forth verbatim.

29.

GAO is a Protection and Advocacy system as such term is used in the P&A Acts.

30.

Pursuant to the DD Act, 42 U.S.C. § 15043(a)(2)(A), a P&A system such as GAO "must have the authority to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of [individuals with developmental disabilities] within the State…."

31.

Pursuant to the DD Act, 42 U.S.C. § 15043 (a)(2)(B),  and 45 C.F.R. § 1326.25 (5)a P&A system such as GAO shall have access to records when there is "probable cause to believe that the death of an individual with a developmental disability resulted from abuse or neglect…"

32.

The Defendants have refused to acknowledge, by failing to provide GAO with access records maintained by Defendants.

33.

Because the Defendants have denied, GAO's statutory right to access records Defendants have prohibited GAO from fulfilling its statutory mandate to investigate incidences where there is probable cause to suspect abuse and neglect.

34.

Defendants are interfering with GAO's ability to perform its obligations under the P & A Acts.

## COUNT II

## THE DEFENDANTS ARE LIABLE FOR ATTORNEY'S FEES TO GAO BY UNREASONABLY EXTENDING THE PROCEEDINGS IN THEIR FAILURE TO RESPOND TO NUMEROUS REQUESTS FOR RECORDS.

35.

The Defendants unreasonably delayed proceedings by not responding to

requests for documents for both Ciara Bivens and Mickeyon Green sent on March 13th, 2017, March 21st, 2017, March 22nd, 2017, April 19th, 2017, April 26th, 2017 and May 24th, 2017.

36.

Under 28 U.S.C. § 1927, "any attorney or other person....who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

37.

The GAO moves the court pursuant to 28 U.S.C § 1927 for an award of costs, expenses, and attorneys' fees incurred because of conduct by the Defendant, which multiplied the proceedings unreasonably and vexatiously.

38.

Pursuant to 28 U.S.C. § 1927, counsel may be held liable for excessive costs.

39.

The costs, expenses, and attorneys' fees have been incurred by The GAO as a result of Defendants' failure to comply with the clear letter of the law.

**WHEREFORE**, Plaintiff GAO prays that the Court will grant the following relief:

1.      Declare that Defendants have violated the rights of Plaintiff under P&A Acts by unreasonably delaying Plaintiff's access to records.

2.      Order that the Defendants provide the requested records without further delay.

3.      Order that Defendants pay attorneys' fees and costs.

4.      Provide such other and further relief as the Court may deem just and proper.


This 28th day of June, 2017.


s/Devon A. Orland
Georgia Bar No. 554301

Attorney for Plaintiff
Georgia Advocacy Office, Inc.

Georgia Advocacy Office, Inc.
One West Court Square
Suite 625
Decatur, GA 30030
Phone:     (404) 885-1234
Fax:        (404) 378-0031
Email:     dorland@thegao.org